IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. CR 07-1014 JB

JUAN VEGA-FRIAS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Unopposed Request for Safety Valve and Sentencing Memorandum in Support Thereof, filed September 16, 2008, (Doc. 81)("Sentencing Memorandum"). The Court held a hearing on September 22, 2008. The primary issue is whether, under the advisory Sentencing Guidelines calculation contained in the Presentence Investigation Report ("PSR"), the Court may, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, sentence Defendant Juan Vegas-Frias below the statutory minimum. Because the Court determines that Vega-Frias meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), the Court grants his request for the benefit of the safety valve.

**FACTUAL BACKGROUND**

As set forth in paragraph 36 of the PSR, Vegas-Frias has no prior criminal history. Vega-Frias did not use violence or credible threats of violence, or possess a firearm or other dangerous weapon in connection with this drug trafficking offense. Vega-Frias' offense did not result in the death or serious bodily injury of anyone. Neither the United States Attorney nor the PSR assert that Vega-Frias was an organizer, leader, manager, or supervisor of others in the offense.

**PROCEDURAL BACKGROUND**

On April 28, 2008, Vega-Frias pleaded guilty to Count One of a two-count Indictment charging violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute 100 Grams and More of Heroin, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute 100 Grams and More of Heroin.  After the plea, the United States Probation Office ("USPO") prepared and distributed the PSR on June 18, 2008.  Paragraph 53 on page 12 of the PSR states that Vega-Frias "appears" eligible for the "Safety Valve" to the statutory minimum sentence.  As the USPO determined under the Sentencing Guidelines, Vega-Frias does not have more than 1 criminal history point.  Vega-Frias appears to have met the other requirements under § 5C1.2 for the imposition of a sentence below the statutory minimum, which is 60 months in this case.  See Sentencing Memorandum ¶ 2, at 2 (citing PSR ¶ 53, at 12).  Vega-Frias moves the Court to find him eligible for a sentence below the statutory minimum of 60 months.  Vega-Frias also requests that the Court sentence him at the low end of the Sentencing Guidelines range, which would be 46 months.

**ANALYSIS**

For a criminal defendant to be eligible for the safety valve, U.S.S.G. § 5C1.2 requires:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a).

The Court finds that there is adequate basis to establish Vega-Fria's eligibility for the safety valve. Vegas-Frias has no prior criminal history. Thus, he does not have more than 1 criminal history point. Vega-Frias did not use violence or credible threats of violence, or possess a firearm or other dangerous weapon in connection with the offense. Vega-Frias' offense did not result in the death or serious bodily injury of anyone. There has been no suggestion that he was an organizer or a leader of others in carrying out the offense. There is a stipulation to minor role, to which the Court agreed. The PSR states that Vega-Frias has provided the United States Attorney's Office with information regarding his involvement and the involvement of others in the offense. Vega-Frias has accordingly complied with all of the criteria set forth in § 5C1.2 and is eligible for the safety valve.

**IT IS ORDERED** that Defendant's Unopposed Request for Safety Valve is granted, and the Defendant is sentenced at the low end of the Sentencing Guidelines range to 46 months of incarceration and supervised release for a term of 4 years.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Kenneth Gleria
Albuquerque, New Mexico

> *Attorney for Defendant Juan Vega-Frias*