**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JUAN VEGA-FRIAS,**

      **Petitioner/Defendant**

  vs.                                      **CV NO.  09-419 JB/WDS
                                                    CR NO.  07-1014 JB**

**UNITED STATES OF AMERICA,**

      **Respondent**


**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]**

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Juan Vega-Frias (Document No. 1) Vega-Frias is acting *pro se*. Respondent filed a response in opposition to the motion. (Document No. 9) Petitioner did not file a reply. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Vega-Frias is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**CLAIMS**

Vega-Frias claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him. Construed liberally, the petition filed by Vega-Frias asserts ineffective assistance of counsel, alleging that defense counsel: (1) failed to review Vega-Frias' Pre-Sentence Report with him before sentencing; (2) failed to adequately advise the Court at sentencing about his personal problems and his health problems; (3) and tried to hit him because he would not admit to prior attempts to transport drugs. In a more general fashion Petitioner also argues that his sentence is too long. Lastly, as a part of his Petition Vega-Frias also filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582 (c)(2). (See Document No. 1, pages 16-17.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 25, 2007, DEA agents encountered Vega-Frias at the Americanos Bus Station in Albuquerque. After speaking with the agents, Vega-Frias consented to a search of his shoes. The agents found 752 grams of heroin in his shoes. Vega-Frias was arrested and subsequently questioned. He admitted that he was paid to transport the contraband to Albuquerque and to deliver it to another individual.

On April 27, 2007, the Court appointed Kenneth Gleria as counsel for Vega-Frias. On May 22, 2007, a grand jury indicted Petitioner. Petitioner was charged in Count One of the indictment with conspiracy to possess with intent to distribute 100 grams and more of heroin, and in Count Two with possession with intent to distribute 100 grams and more of heroin. On April 28, 2008, Petitioner entered into a Plea Agreement with the Government wherein he pled guilty to Count One of the Indictment. Under the agreement, Petitioner faced a potential sentence of not less than five years and not more than forty years of imprisonment. The Plea Agreement also recognized that

Vega-Frias might be eligible for the "safety valve" provisions which would allow him to be sentenced at less than the statutory minimum.

A Pre-Sentence Report was prepared, a copy of which was given to defense counsel. The base offense level was found to be 30 with a criminal history Category of I. This resulted in an advisory guideline range of 97-121 months of imprisonment. Under the Plea Agreement, which the Court accepted, the offense level was decreased by two levels for being a minor participant. Vega-Frias also received a 3 level reduction for acceptance of responsibility and the Court granted defense counsel's request that Petitioner be found eligible for the "safety valve." The above noted adjustments reduced his offense level to 23 which resulted in a guideline range of 46 to 57 months imprisonment. At his sentencing on September 22, 2008, Judge Browning accepted all of the above stipulations and imposed a sentence of 46 months imprisonment. On April 29, 2009 Petitioner timely filed this §2255 Petition.

## STANDARD OF REVIEW

Since Vega-Frias is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner's claim of ineffective assistance of counsel, if proved, would constitute a denial or infringement of his constitutional rights.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's allegations are correctly styled as an ineffective assistance of counsel claim. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S.

3

668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Vega-Frias must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Vega-Frias "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

**A. Failure to review Vega-Frias' Pre-Sentence Report with Petitioner**

Petitioner first alleges that his attorney failed to review his Pre-Sentence Report with him before sentencing. This allegation is without merit. At his sentencing Petitioner was asked by the

Judge if he had reviewed the report. Petitioner at first stated that he had not been given it, but that it was shown to him. The Court proceeded to conduct a thorough inquiry of both counsel and Petitioner into whether the report had been reviewed by Petitioner. The Court gave counsel and Petitioner time to again discuss the matter in private. Defense counsel stated that he had gone over the report with Petitioner both at the detention facility and again that morning before court. Finally, Petitioner conceded that the report had in fact been read to him. (See the transcript of the sentencing proceedings, Document No. 9-3, pages 2-5.) Accordingly, this claim should be denied as it is without factual basis and is specifically contradicted by the record.

**B.  Failure to adequately advise the Court about his personal and health problems.**

The claim that his counsel failed to advise the Court about Petitioner's personal problems and health problems is also contradicted by the record. Defense counsel addressed the Court about Vega-Frias' health problems and the fact that his spouse was ill. Additionally, the Petitioner addressed the Court about those same issues. (See the transcript of the sentencing proceedings, Document No. 9-3, pages 8-11.) It is also clear from the transcript that Judge Browning took all of those factors into account in determining the sentence, which was a the low end of the guidelines. (See the transcript of the sentencing proceedings, Document No. 9-3, pages 13-15.) Accordingly, this claim should be denied as it is without factual basis and is specifically contradicted by the record.

**C.  Petitioner's attorney tried to hit him.**

In an unsworn letter attached to the Petition, Vega-Frias states that his attorney attempted to hit him at some point, apparently because Petitioner would not admit to prior acts of transporting drugs. (See Document No. 1, pages 14-15.) Petitioner provides no specifics as to when or where this alleged assault occurred. Nor does he give specifics of the attempted battery. The Court

considers the allegations to be dubious at best.  At his Plea Hearing, Petitioner was asked specifically whether he was satisfied with the representation his attorney had given him, and he answered that he was.  (See Document No. 9-2, page 4.)   Petitioner made no effort at that time to advise the Court that he had been threatened by his counsel.

Nevertheless, even if this allegation is presumed to be true, Petitioner makes no showing that he was in any way prejudiced by the attempt.  Despite the supposed threat, it is clear from Petitioner's letter, noted above, that he refused to do anything but tell the truth.  During the sentencing hearing Petitioner was found to have no prior record.  Nothing that occurred between Petitioner and his attorney in any way adversely impacted the fairness of his proceedings or the result. The prejudice component under *Strickland* focuses on the question of whether counsel's deficient performance renders the result unreliable or the proceeding fundamentally unfair.  Here, the Petitioner admitted his guilt without reservation.  The evidence against him was overwhelming.  Additionally, as a result of his plea agreement Petitioner received the lowest sentence he could have received under the applicable guideline range.  Had he gone to trial he would almost certainly have been convicted and his sentencing range would have been more than double what it was under the plea agreement.  There being no prejudice, this claim should also be denied.

**D.  The sentence is too long.**

Although this claim is not related to any claim of  ineffective assistance of counsel, it will be addressed here. Petitioner has no legal rationale for this assertion.  The sentence was not illegal, it was within the statutory range of punishments, and it was at the low end of the sentencing guidelines.  The fact that Petitioner thinks the sentence is too long is not a basis for correcting the sentence.

## PETITIONER'S MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO 18 U.S.C. §3582 (c)(2)

This motion was filed with Petitioner's original §2255 Motion. Petitioner cites the statute, asserts that he is entitled to relief, but provides no factual support for that assertion. The statute provides no basis for a sentence reduction. 18 U.S.C. §3582 (c)(2) provides that a prisoner's sentence can be modified if the sentence was based upon a guideline range that was subsequently lowered by the Sentencing Commission. The Court is aware of no such lowering of the applicable Sentencing Guidelines since Petitioner's sentencing. This motion is without merit and should be denied.

## DENIAL OF EVIDENTIARY HEARING

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test.

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that his counsel was inadequate in any way. Nor was Petitioner prejudiced in any manner by the actions of his counsel, even taking Petitioner's allegation of threats by counsel as true. Furthermore, the Court finds that Petitioner's arguments were meritless, and affirmatively

contradicted by the record. Accordingly, he can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

## RECOMMENDED DISPOSITION

The court recommends that Vega-Frias' Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within fourteen days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the fourteeen day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**